# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* S. MOORE, Minor.

UNPUBLISHED
May 21, 2015

No. 324338
Berrien Circuit Court
Family Division
LC No. 2012-000022-NA

*In re* A. MOORE, Minor.

No. 324339
Berrien Circuit Court
Family Division
LC No. 2013-000083-NA

Before: DONOFRIO, P.J., and O'CONNELL and RONAYNE KRAUSE, JJ.

PER CURIAM.

Respondent-mother, R. Moore, appeals as of right the trial court's order terminating her parental rights to her two minor children, the older child S. Moore under MCL 712A.19b(3)(c)(*i*), (g), and (j), and the younger child A. Moore under MCL 712A.19b(3)(g) and (j). We affirm.

## I. FACTS

In March 2012, the Department of Human Services (the Department) petitioned the trial court to take jurisdiction over the older child after it received a report that Moore beat the child with a belt until she bled. The Department also alleged that Moore was homeless. In May 2012, Moore pleaded no contest to the allegations in the petition. The trial court took jurisdiction over the child.

Moore participated in a psychological evaluation with Dr. Paul Kitchen. Dr. Kitchen diagnosed Moore with depression, anxiety, personality disorder, and borderline intellectual functioning. Dr. Kitchen recommended that Moore receive medication, counseling, and parenting skills training.

By June 2012, Moore had obtained housing and was participating in counseling. The trial court returned the older child to Moore's care. The younger child was born in July 2012. At a review hearing in September 2012, the Department requested the trial court to continue

supervision because Moore had not yet completed her service plan. But at the April 2013 review hearing, the Department alleged that housing was again an issue because there was a fire in Moore's home.

The trial court ordered the children removed from Moore's home in June 2013. It found that Moore lost her housing voucher on June 20, 2013, she did not have income to support the children, she placed the children with relatives without the Department's permission, and that the Department could not locate Moore or the children. The Department located Moore and removed the children from her care. At review hearings from October 2013 to August 2014, the Department contended that Moore continued to lack appropriate housing. In August 2014, the Department petitioned to terminate Moore's parental rights.

At the September 23, 2014 termination hearing, PATH worker Carol Pompey testified that PATH paid Moore's rent until her house fire on March 25, 2013. According to Pompey, PATH would continue to pay Moore's rent if she secured housing within 90 days. Pompey worked with Moore's case manager to help Moore find housing, but Moore did not follow up on Pompey's housing leads and instead tried to find housing independently. On June 25, 2013, PATH terminated Moore's housing voucher because she had not yet found a home. While Moore could have reapplied to the PATH program and the Department referred Moore to PATH, Pompey testified that Moore had not contacted her again.

Stephanie Gulledge, the children's caseworker from August 2013 to March 2014, testified that Moore made very little progress with services. According to Gulledge, Moore missed counseling sessions, medication reviews, and was not able to find consistent employment or housing. According to Gulledge, the children were doing well in their placements and were in a stable foster care home.

Courtney Muller, the children's foster care case manager from March 2014 to the time of the termination hearing, testified that Moore did not have housing and was unable to provide for the children. Moore failed to tell Muller where she was living. Moore was consistently unemployed and only had a job for one or two months during the case. Moore attended counseling from May to July 2014, but she had stopped attending counseling sessions by the time of the termination hearing.

Muller had attempted to place the children with Moore's relatives, but Moore's relatives did not respond to Muller's attempts to contact them for home studies and seemed unwilling to take responsibility for the children. The children were doing well in their placement. The older child had special needs and required counseling. Muller opined that the children needed stability and permanence that Moore could not provide because of her lack of progress during the case.

The trial court found clear and convincing evidence that Moore could not provide proper care and custody for the children within a reasonable time because of her housing issues and a reasonable likelihood that the children would be harmed if returned to her care. Regarding the oldest child, the trial court also found that Moore's housing issues continued to exist, and there was no likelihood that Moore would rectify them within a reasonable time. It found that a fire in March 2013 caused Moore to lose her home, and Moore had not obtained housing by September 2014. It found that Moore did not follow through with services, including a referral to PATH

that would have helped her find housing. Given the length of time the Department offered Moore services and Moore's sporadic participation, it did not believe Moore would begin participating in services in the near future. It found that the children would be harmed if it returned them to Moore because Moore could not provide them with necessities like shelter, water, heat, and a safe place to sleep.

The trial court also found that termination was in the children's best interests. It found that the older child needed someone to help assist with her special needs and assure that she was being properly cared for, as well as someone who could provide day-to-day support, transport her to her doctor's appointments, feed her, and provide her with a roof and a bed. It found that Moore could not do so. It also found that the younger child needed a roof over her head, a bed, food, diapers, and other daily necessities, but Moore could not provide her with those things. It found that the children's needs were being met in foster care.

## II. STANDARDS OF REVIEW

This Court reviews for clear error the trial court's factual findings and ultimate determinations on the statutory grounds for termination. MCR 3.977(K); *In re Mason*, 486 Mich 142, 152; 782 NW2d 747 (2010). We also review for clear error the trial court's determination regarding the children's best interests. *In re Trejo Minors,* 462 Mich 341, 356-357; 612 NW2d 407 (2000). A finding is clearly erroneous if, after reviewing the entire record, we are definitely and firmly convinced that the trial court made a mistake. *Mason*, 486 Mich at 152.

## III. STATUTORY GROUNDS

Moore contends that the trial court clearly erred when it found that the Department established statutory grounds for termination because she had the ability to find housing within a reasonable time. We disagree.

Every parent must demonstrate an ability to meet his or her child's basic needs once that child comes into the trial court's jurisdiction. *In re Terry*, 240 Mich App 14, 28; 610 NW2d 563 (2000). Under MCL 712A.19b(3)(c)(*i*), the trial court may terminate a parent's rights if

> [t]he conditions that led to the adjudication continue to exist and there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age.

MCL 712A.19b(3)(g) provides that the trial court may terminate a parent's rights if

> [t]he parent, without regard to intent, fails to provide proper care or custody for the child and there is no reasonable expectation that the parent will be able to provide proper care and custody within a reasonable time considering the child's age.

And MCL 712A.19b(3)(j) provides that the trial court may terminate parental rights if

[t]here is a reasonable likelihood, based on the conduct or capacity of the child's parent, that the child will be harmed if he or she is returned to the home of the parent.

A parent's failure to participate in and benefit from a service plan is evidence that the parent will not be able to provide a child with proper care and custody and that the child will be harmed if returned to the parent's home. *In re White*, 303 Mich App 701, 710-711; 846 NW2d 61 (2014).

We conclude that the trial court did not clearly err when it found that it was not reasonably likely that Moore would be able to provide the children with a proper care and a safe home within a reasonable time. In this case, the Department initially removed the oldest child from Moore's home in part because Moore was homeless. While Moore was able to secure housing, she lost her house in a fire in March 2013. Moore did not accept Pompey's assistance in finding a new home and instead unsuccessfully attempted to find housing on her own. Moore ultimately lost her housing voucher because she did not find housing. Moore did not apply for a new housing voucher even after the Department referred her to PATH for housing services. From March 2013 to September 2014, a period of about a year and a half, Moore was unable to find a stable home. Given that Moore did not participate in her service plan and was unable to secure housing on her own, we are not definitely and firmly convinced that the trial court made a mistake when it found that Moore could not find housing within a reasonable time.

## IV.  BEST INTERESTS

Moore contends that the children's need to have a parent in their life outweighs their other needs. We disagree.

The trial court must order the parent's rights terminated if it finds from a preponderance of the evidence that termination is in the children's best interests. *In re Moss*, 301 Mich App 76, 83; 836 NW2d 182 (2013). The trial court should weigh all the evidence available to determine the children's best interests. *Trejo*, 462 Mich at 356.

We conclude that the trial court did not clearly err when it found that terminating Moore's parental rights was in the children's best interests. In this case, Moore could not provide the children with housing or stability. The oldest child had special needs and the youngest child was a toddler still in diapers. The trial court weighed the facts in this case and found that the children's needs, including their basic needs for shelter, food, and support, outweighed the children's bond with Moore. We are not definitely and firmly convinced that it made a mistake.

We affirm.

/s/ Pat M. Donofrio
/s/ Peter D. O'Connell
/s/ Amy Ronayne Krause